UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09 - 01124 MHP |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND [PROPOSED]** |
| | ) | **ORDER** |
| BLANCA SILVA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, the government is in the process of providing discovery to counsel for all defendants, and where the discovery consists of extensive loan files and financial records relating to multiple real estate transactions, such that the matter is considered complex under 18 U.S.C. § 3161(h)(8)(B)(ii);

WHEREAS, counsel for the defendants will need sufficient time to review the discovery, in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this matter is appropriate given the and the need for effective preparation of counsel and where the next available date where all counsel are available is April 26, 2010, such that there is a need for

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                  1

1  a continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. §
2  3161(h)(7)(B)(iv);
3    THEREFORE, the parties mutually and jointly stipulate that the matter should be
4  continued, based on the complexity of this case, the need for effective preparation of counsel, and
5  the need for continuity of counsel, and the parties jointly request that the Court continue the
6  matter until **Monday, April 26, 2010, at 10:00 a.m.**  The parties agree that continuing the case
7  until April 26, 2010, is necessary, given the complexity of the case, the need for defense counsel
8  to review and analyze a large amount of discovery, and the need to maintain continuity of
9  counsel.  The parties also agree that failing to grant a continuance would deny counsel for the
10 defense the reasonable time necessary for effective preparation and continuity of counsel, taking
11 into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).
12   The parties also agree, and the Court has found previously, that the case involves
13 government allegations of a complicated fraud scheme with substantial evidence, both paper and
14 electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
15 prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
16 adequate preparation for pretrial proceedings or for the trial itself within the time limits
17 established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).
18   Finally, the parties agree that the ends of justice served by excluding time until April 26,
19 2010,  outweigh the best interest of the public and the defendant in a speedy trial.
20 Id. § 3161(h)(A).
21
22 **STIPULATED:**
23
24 DATED: February 25, 2010         /S/
25                     EDWIN PRATHER
                    Attorney for JOSE SILVA
26
27 DATED: February 25, 2010          /S/
28                     GERI LYNN GREEN
                    Attorney for BLANCA SILVA

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]      2

| | | |
|---|---|---|
| 1 | DATED: February 25, 2010 | /S/ |
| 2 | | WILLIAM TAGGART, Jr. |
|   | | BARBARA N. MORRISON |
| 3 | | Attorneys for CHRISTINE ARREGUIN |
| 4 | DATED: February 25, 2010 | /S/ |
| 5 | | TIMOTHY J. LUCEY |
|   | | Assistant United States Attorney |

### ORDER

For good cause shown, the Court continues the matter until **Monday, April 26, 2010, at 10:00 a.m.**

The Court enters this order excluding time from March 1, 2010, up to and including April 26, 2010. Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until April 26, 2010, and furthermore that failing to grant a continuance until April 26, 2010, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii).

Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from March 1, 2010, through April 26, 2010, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

**IT IS SO ORDERED.**

**DATED:** 2/26/2010

*[Signature stamp: IT IS SO ORDERED / Judge Marilyn H. Patel / United States District Court, Northern District of California]*

HON.
United

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                    3

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                    4