UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 09 - 01124 MHP |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND [PROPOSED]** |
| | ) | **ORDER** |
| BLANCA SILVA, *et al.*, | ) | |
| Defendants. | ) | |

WHEREAS, the government is in the process of providing discovery to counsel for all defendants, and where the discovery consists of extensive loan files and financial records relating to multiple real estate transactions, such that the matter is considered complex under 18 U.S.C. § 3161(h)(8)(B)(ii);

WHEREAS, counsel for the defendants need sufficient time to review the discovery, in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

WHEREAS, counsel for several of the parties have conflicts on their calendar as a result of the change of the status date by the court from June 7, 2010, to June 23, 2010;

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                                  1

1    WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this
2 matter is appropriate given the and the need for effective preparation of counsel and where the
3 next available date where all counsel are available is July 26, 2010, such that there is a need for a
4 continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. §
5 3161(h)(7)(B)(iv);
6    THEREFORE, the parties mutually and jointly stipulate that the matter should be
7 continued, based on the complexity of this case, the need for effective preparation of counsel, and
8 the need for continuity of counsel, and the parties jointly request that the Court continue the
9 matter until **Monday, July 26, 2010, at 10:00 a.m.**  The parties agree that continuing the case
10 until July 26, 2010, is necessary, given the complexity of the case, the need for defense counsel
11 to review and analyze a large amount of discovery, and the need to maintain continuity of
12 counsel.   The parties also agree that failing to grant a continuance would deny counsel for the
13 defense the reasonable time necessary for effective preparation and continuity of counsel, taking
14 into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).
15    The parties also agree, and the Court has found previously, that the case involves
16 government allegations of a complicated fraud scheme with substantial evidence, both paper and
17 electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
18 prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
19 adequate preparation for pretrial proceedings or for the trial itself within the time limits
20 established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).
21    Finally, the parties agree that the ends of justice served by excluding time from June 7,
22 2010, until July 26, 2010,  outweigh the best interest of the public and the defendant in a speedy
23 trial. Id. § 3161(h)(A).
24 **STIPULATED:**
25
26 DATED: June 22, 2010                                      /S/
                                                      EDWIN PRATHER
27                                                    Attorney for JOSE SILVA
28

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                           2

| | | |
|---|---|---|
| 1 | DATED:  June 22, 2010 | /S/ |
| 2 | | GERI LYNN GREEN |
| | | Attorney for BLANCA SILVA |

DATED:  June 22, 2010           /S/
                                WILLIAM TAGGART, Jr.
                                BARBARA N. MORRISON
                                Attorneys for CHRISTINE ARREGUIN


DATED: June 22, 2010            /S/
                                TIMOTHY J. LUCEY
                                Assistant United States Attorney

**ORDER**

For good cause shown, the Court continues the matter until **Monday, July 26, 2010, at 10:00 a.m.**

The Court enters this order excluding time from June 7, 2010, up to and including July 26, 2010.  Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until July 26, 2010, and furthermore that failing to grant a continuance until July 26, 2010, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).

////

////

Finally, the parties agree, and the Court finds and holds, that the ends of justice served by

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                      3

excluding time from June 7, 2010, through July 26, 2010, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

**IT IS SO ORDERED.**

DATED:  June 23, 2010



_____
**HON. M**
United S

IT IS SO ORDERED
Judge Marilyn H. Patel

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                    4