1
2
3
4
5
6        UNITED STATES DISTRICT COURT
7        NORTHERN DISTRICT OF CALIFORNIA
8        SAN FRANCISCO DIVISION
9
10   UNITED STATES OF AMERICA,           )    No.  CR 09 - 01124 MHP
                                         )
11                Plaintiff,             )
           v.                            )    STIFT**STIPULATION AND [PROPOSED]**
12                                       )    **ORDER**
                                         )
13   BLANCA SILVA, *et al.*,             )    **AS AMENDED BY COURT**
                                         )
14                Defendants.            )
15   _____     )
16
17       WHEREAS, the government has provided voluminous discovery to counsel for all
18   defendants, and where the discovery consists of extensive loan files and financial records relating
19   to multiple real estate transactions, such that the matter is considered complex under 18 U.S.C. §
20   3161(h)(8)(B)(ii);
21       WHEREAS, counsel for the defendants will need sufficient time to review the discovery,
22   in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. §
23   3161(h)(7)(B)(iv);
24       WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this
25   matter is appropriate given the and the need for effective preparation of counsel and where the
26   next available date where all counsel are available is March 7, 2011, such that there is a need for
27   a continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. §
28   3161(h)(7)(B)(iv);

     THEREFORE, the parties mutually and jointly stipulate that the matter should be
STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                        1

continued, based on the complexity of this case, the need for effective preparation of counsel, and the need for continuity of counsel, and the parties jointly request that the Court continue the matter until **Monday, March 7, 2011, at 10:00 a.m.** The parties agree that continuing the case until March 7, 2011, is necessary, given the complexity of the case, the need for defense counsel to review and analyze a large amount of discovery, and the need to maintain continuity of counsel. The parties also agree that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties also agree, and the Court has found previously, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(7)(ii).

Finally, the parties agree that the ends of justice served by excluding time until March 7, 2011, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

**STIPULATED:**

DATED: January 07, 2011            /s/
                                   GERI LYNN GREEN
                                   Attorney for BLANCA SILVA

DATED: January 07, 2011            /s/
                                   WILLIAM TAGGART, Jr.
                                   BARBARA N. MORRISON
                                   Attorneys for CHRISTINE ARREGUIN

DATED: January 07, 2011            /s/
                                   TIMOTHY J. LUCEY
                                   Assistant United States Attorney

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                     2

**ORDER**

For good cause shown, the Court continued the matter until **Monday, ~~March 7, 2010~~ January 24, 2011, at 10:00 a.m.**

Time previously has been excluded in the case until January 10, 2011, and the Court enters this order excluding time from January 10, 2011, up to and including ~~March 7~~ January 24, 2011. Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until ~~March 7~~ January 24, 2011, and furthermore that failing to grant a continuance until ~~March 7~~ January 24, 2011, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).

Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from January 10, 2011, through ~~March 1~~ January 24, 2011, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

**IT IS SO ORDERED.**

**DATED:** January 7, 2011

**HON. MARILYN HALL PATEL**
**United States District Judge**

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                         3