UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 09 - 01124 MHP |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND [PROPOSED]** |
| | ) | **ORDER** |
| | ) | |
| BLANCA SILVA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

WHEREAS, the government is in the process of providing discovery to counsel for all defendants, and where the discovery consists of extensive loan files and financial records relating to multiple real estate transactions, such that the matter is considered complex under 18 U.S.C. § 3161(h)(8)(B)(ii);

WHEREAS, counsel for the defendants need sufficient time to review the discovery, in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

WHEREAS, counsel for defendant Blanca Silva is currently in trial in California Superior Court in Sacramento County;

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                              1

1  WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this matter is appropriate given the and the need for effective preparation of counsel and where the next available date where all counsel are available is April 11, 2011, such that there is a need for a continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

THEREFORE, the parties mutually and jointly stipulate that the matter should be continued, based on the complexity of this case, the need for effective preparation of counsel, and the need for continuity of counsel, and the parties jointly request that the Court continue the matter until **Monday, April 11, 2011, at 10:00 a.m.**  The parties agree that continuing the case until April 11, 2011, is necessary, given the complexity of the case, the need for defense counsel to review and analyze a large amount of discovery, and the need to maintain continuity of counsel.   The parties also agree that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties also agree, and the Court has found previously, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).

Finally, the parties agree that the ends of justice served by excluding time from March 7, 2011, until April 11, 2011,  outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

**STIPULATED:**


DATED: March 3, 2011            /s
                                GERI LYNN GREEN
                                Attorney for BLANCA SILVA


STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                         2

| | | |
|---|---|---|
| 1 | DATED: March 3, 2011 | /s/ |
| 2 | | WILLIAM TAGGART, Jr. |
|   | | BARBARA N. MORRISON |
| 3 | | Attorneys for CHRISTINE ARREGUIN |

DATED: March 3, 2011          /s/
                              TIMOTHY J. LUCEY
                              Assistant United States Attorney

### ORDER

For good cause shown, the Court continues the matter until **Monday, April 11, 2011, at 10:00 a.m.**

The Court enters this order excluding time from March 7, 2011, up to and including April 11, 2011. Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until April 11, 2011, and furthermore that failing to grant a continuance until April 11, 2011, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii).

Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from March 7, 2011, through April 11, 2011, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

**IT IS SO ORDERED.**

DATED: 3/4/2011          _____
                          **HON. MARILYN H. PATEL**
                          **United States District Judge**

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*
*United States District Court*
*Northern District of California*

STIPULATION AND [PROPOSED] ORDER
*United States v. Silva*
[CR 09 - 01124 MHP]                         3